107-154/dpc/emr

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No: **07-80101 CIV-HURLEY/Magistrate Hopkins**

**LORI D. HAYWARD,**

       Plaintiff,

vs.

**NATIONAL OVARIAN CANCER COALITION, INC,**
**MERIT RESOURCES, INC., and JANE E.**
**LANGRIDGE, in her official capacity as**
**CEO, NOCC, Inc./Merit Resources, Inc.**

       Defendants.

_____/

### DEFENDANT, NATIONAL OVARIAN CANCER COALITION, INC.'s
### MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND
### INCORPORATED MEMORANDUM OF LAW

      COMES NOW the Defendant, NATIONAL OVARIAN CANCER COALITION, INC.

(Hereinafter referred to as NOCC"), by and through the undersigned counsel and pursuant to Local

Rule 7.1, *U.S. District Court – Southern District* and Federal Rule of Civil Procedure 12(b), hereby

files this its Motion to Dismiss Plaintiff's Amended Complaint (DN 5) and Incorporated

Memorandum of Law, and in support thereof states the following:

      1.     Plaintiff, LORI HAYWARD, filed an Amended Complaint against Defendants,

NOCC, MERIT RESOURCES, INC., and JANE E. LANDRIDGE for damages allegedly sustained

as a result of violations pursuant to the Family and Medical Leave Act (FMLA).  Two causes of

action are set forth within said Amended Complaint: (1) Violation(s) of the Family and Medical

Leave Act; and (2) Retaliation in Violation of the Family and Medical Leave Act. Defendant, NOCC, seeks dismissal as to Plaintiff's entire Amended Complaint.

2.     Although Plaintiff's Amended Complaint has been filed against three (3) separate Defendants, each cause of action is directed to all three (3) Defendants together. Pursuant to Federal Rule of Civil Procedure 10(b), each cause of action should be directed to an individual Defendant in order to clearly present the matters and in order for the Defendants to be able to properly answer the Amended Complaint.

3.     The Family and Medical Leave Act provides for a choice of remedies for alleged violations of the Act. 29 USCA §2617(4) and 29 CFR §825.400. Pursuant to the FMLA, a qualified employee alleging a violation thereof, may either (1) file a complaint with the Secretary of Labor, or (2) file a private lawsuit.

4.     Plaintiff's Amended Complaint alleges that on or about September 20, 2006, she filed a complaint with the U.S. Department of Labor and gave notice to the Defendants regarding same. *See DN 5 at paragraphs 18 and 32*. Pursuant to 29 USCA §2617(4) and 29 CFR §825.400, the Plaintiff's right to private action terminated upon her filing a complaint with the U.S. Department of Labor. As such, her Amended Complaint should be dismissed in its entirety.

5.     Finally, Plaintiff has alleged use of FMLA leave. Plaintiff has failed to allege that FMLA leave was denied to her at anytime. The 11th Circuit has held that a plaintiff suffers no FMLA injury when she receives all of the leave she requests and indeed is paid for most of it. *Graham v. State Farm Mutual Insurance Company*, 193 F.3d 1274 (11th Cir. 1999). As Plaintiff's Amended Complaint is void of any allegations that FMLA time was denied, Count I of Plaintiff's Amended Complaint should be dismissed.

## MEMORANDUM OF LAW

Plaintiff has filed an Amended Complaint for damages allegedly sustained under the Family and Medical Leave Act against three (3) separate Defendants.  Said Amended Complaint contains two (2) causes of action: Count I – Violation(s) of the Family and Medical Leave Act; and Count II – Retaliation in Violation of the Family and Medical Leave Act.  Count I is directed to all (3) Defendants and Count II is directed to all three (3) Defendants.

Federal Rule of Civil Procedure 10 provides in part:

> **(b) Paragraphs; Separate Statements.** All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. *Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever separation facilitates the clear presentation of the matters set forth.* Emphasis added.

In order for Defendant, NOCC, to properly respond to Plaintiff's Amended Complaint, Plaintiff should be required to comply with Federal Rule of Civil Procedure 10(b) and direct each cause of action to a specific Defendant.

Most importantly, 29 USCA § 2617(4) and 29 CFR § 825.400 provide for a choice of remedies for a qualified employee.

29 USCA § 2617(4) provides:

> (4) Limitations
>
> The right provided by paragraph (2) to bring an action by or on behalf of employee shall terminate –
>
>> (A) on the filing of a complaint by the Secretary in an action under subsection (d) of this section in which restraint is sought of any further delay in the payment of the amount described in paragraph (1)(A) to such employee by an

employer responsible under paragraph (1) for the payment; or

(B) on the filing a complaint by the Secretary in the action under subsection (b) of this section in which a recovery is sought of the damages described in subparagraph (1)(A) owing to an eligible employee by an employer liable under paragraph (1)

unless the action desribed in subparagraph (A) or (B) is dismissed without prejudice on the motion of the Secretary.

29 CFR § 825.400 What can employees do who believe that their rights under FMLA have been violated?  (Provides in part:)

(a) The employee has the choice of:

(1)     Filing, or having another person file on his or her behalf, a complaint with the Secretary of Labor, or

(2)     Filing a private lawsuit pursuant to section 107 of FMLA.

Plaintiff's Amended Complaint alleges she filed a complaint with the U.S. Department of Labor. *See DN at paragraph 18*.  Pursuant to the Federal statutes and regulations provided above, Plaintiff's right of private action against, Defendant, NOCC, terminated with the filing of her complaint with the U.S. Department of Labor.  Therefore, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b).

Plaintiff's Amended Complaint does not allege that FMLA was denied to her at any time. Courts have held that no action lies under the FMLA where a Plaintiff receives her FMLA leave. The Court in *Graham v. State Farm Mutual Insurance Company*, 193 F.3d 1274 (11th Cir. 1999) held that an employee suffers no FMLA injury when she receives all the leave she requests.  *See also Collins v. Miami-Dade County*, 361 F.Supp.2d 1362, 1374 (S.D. Fla. 2005).  As such, Count I of Plaintiff's Amended Complaint should also be dismissed on this proposition of law.

## CONCLUSION

Plaintiff's Amended Complaint should be dismissed in its entirety pursuant to the FMLA's choice of remedy provisions. Plaintiff's right of private action terminated with her filing of a complaint against, Defendant, NOCC, with the U.S. Department of Labor. Additionally, Plaintiff's Amended Complaint is improperly pled as each cause of action is directed collectively towards all of the named Defendants. Finally, as Plaintiff has failed to plead that any FMLA was denied to her, Count I should be dismissed on that basis alone as no FMLA injury occurs when FMLA time is provided.

WHEREFORE, the Defendant, NATIONAL OVARIAN CANCER COALITION, INC., respectfully requests this Honorable Court to dismiss Plaintiff's Amended Complaint in its entirety with prejudice and any other relief this Court deems just and proper.

Respectfully submitted,

**ROBERTS, REYNOLDS, BEDARD & TUZZIO, P.A.**
Counsel for NOCC & Langridge
470 Columbia Drive, Bldg 101C
West Palm Beach, FL 33409
PHONE:        561 688-6560
FAX:          561 688-2343
EMAIL:        bbedard@rrbpa.com

By: _____
**BENJAMIN L. BEDARD**
FBN: 983772

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 28 day of June , 2007, I electronically filed the foregoing

document with the Clerk of the Court using CM/EFC.  I also certify that the foregoing document is being

served this day on all counsel of record or pro se parties identified on the attached Counsel list in the

manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some

other authorized manner for those counsel or parties who are not authorized to received electronically

Notices of Electronic Filing.

ROBERTS, REYNOLDS, BEDARD & TUZZIO, P.A.
470 Columbia Drive, Bldg. C101
West Palm Beach, FL  33409
Phone: 561/688-6560
Fax: 561/688-2343
Attorneys for NOCC & Langridge

BENJAMIN L. BEDARD
Florida Bar No: 983772

STYLE:        HAYWARD V. NOCC, MERIT RESOURCES AND LANGRIDGE
CASE NO.:     **07-80101 CIV-HURLEY/HOPKINS**
OUR FILE NO.: **107-154**

### COUNSEL LIST

MARY JILL HANSON, ESQUIRE
Hanson, Perry & Jensen, PA
400 Executive Center Drive
Suite 207
West Palm Beach, FL 33401
Counsel for Plaintiff
PHONE:        561/686-6550
FAX:
EMAIL:   Mjhanson@hpjlaw.com
*served via transmission of Notices of Electronic*
*filing generated by CM/ECF*

ESQUIRE - unknown at this time
Counsel for Merit
PHONE:
FAX:
EMAIL:
*served via transmission of Notices of Electronic*
*filing generated by CM/ECF*

BENJAMIN L. BEDARD, ESQUIRE
Roberts, Reynolds, Bedard & Tuzzio, PA
470 Columbia Drive, Bldg C101
West Palm Beach, FL 33409
Counsel for NOCC & Langridge
PHONE:        561/688-6560
FAX:          561/688-2343
EMAIL:   Bbedard@rrbpa.com
scty: lkearns@rrbpa.com
*served via transmission of Notices of Electronic*
*filing generated by CM/ECF*